IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sakima Bey<br>a/k/a/ Sakima Iban Salih El Bey,<br>a/k/a Francis Marion Savall, | ) C/A: 0:13-957-SB-BM<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **REPORT AND RECOMMENDATION**<br>) |
| Supreme Court of South Carolina, | )<br>) |
| Defendant. | )<br>) |

Plaintiff, Sakima Bey, also known as Sakima Iban Salih El Bey, also known as Francis Marion Savall ("Plaintiff"), proceeding *pro se*, brings this civil action against the Defendant, the Supreme Court of South Carolina, seeking to appeal Defendant's recent decision to dismiss a petition for relief Plaintiff had filed in that court. Plaintiff has filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be

granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Additionally, while this Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## BACKGROUND

Plaintiff, who refers to himself as "Appellant," has filed a typed document entitled "Notice of Appeal [of] the Supreme Court of South Carolina Order Denying Petition Challenging Unconstitutionality of State Stature." Complaint, ECF No. 1. The document is a self-styled appeal of the South Carolina Supreme Court's Order of Dismissal of Plaintiff's petition in Appellate Case No. 2013-000538, *Sakima Bey v. Deputy Sheriff L. Collins, Sergeant S.P. Funderburk, the Honorable Jacqueline Pope, and Sheriff Barry S. Faile, i.e.* Petition for Original Jurisdiction to consider the Unconstitutionality of Congressional Act of Congress and State Statute Enforcement, dated March 11, 2013. *See* Complaint, ECF No. 1, p. 1. The South Carolina Supreme Court dismissed the petition pursuant to *Key v. Currie*, 305 S.C. 115, 406 S.E. 2d 356 (1991), because it found that "no extraordinary reason exists to entertain it in the Court's original jurisdiction." *See* Attachment to Complaint, Order, ECF No. 1-1, p. 1.



2

Plaintiff contends that this Court has jurisdiction over the instant case pursuant to "28 USC 1257 (a), Appellant Rule of Procedure 3(a)(1)," because the "District Court of United States, South Carolina division, is the proper jurisdiction to hear this appeal where, the Supreme Court of South Carolina has allowed the enforcement of an 'Unconstitutional Act of Congress' from an Unconstitutional State Statute." Complaint, ECF No. 1, p. 1. Plaintiff alleges "this action is filed in the District Court of the United States, pursuant to rule which has Original Jurisdiction to hear, decide, and rule." *Id.* 28 U.S.C. § 1257, on which Plaintiff relies, provides that:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, *may be reviewed by the [United States] Supreme Court by writ of certiorari* where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257(a) (emphasis added).

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Further, "[t]he facts providing

3

the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[,]" although if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). If, however, the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

    Here, it is clear that Plaintiff's attempt to appeal an order of the S.C. Supreme Court cannot be entertained in this federal district court. Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this Court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions. Rather, appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257). Further, since 1988 such United States Supreme Court

4

review is discretionary by way of a writ of certiorari and is not an appeal of right. *See Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 30, 2013
Charleston, South Carolina