IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Sakima Bey, )
a/k/a Sakima Iban Salih El Bey, )
a/k/a Francis Marion Savall, )
                               )
         Plaintiff, )
                               )    Civil Action No. 0:13-957-SB
v. )
                               )    **ORDER**
Supreme Court of South Carolina, )
                               )
         Defendant. )
_____ )

This matter is before the Court upon the Plaintiff's pro se complaint, wherein he seeks to appeal the Defendant's recent decision dismissing the Plaintiff's petition for relief. In other words, in this action, the Plaintiff is attempting to appeal the South Carolina Supreme Court's Order dismissing his petition in Appellate Case No. 2013-000538, <u>Sakima Bey v. Deputy Sheriff L. Collins, Sergeant S. P. Funderburk, the Honorable Jacqueline Pope, and Sheriff Barry S. Faile</u> ("Petition for Original Jurisdiction to consider the Unconstitutionality of Congressional Act of Congress and State Statute Enforcement dated March 11, 2013"). <u>See</u> Entry 1-1.

Pursuant to 28 U.S.C. § 636(b) and the Local Civil Rules for this District, the matter was referred to a United States Magistrate Judge for preliminary review. On April 30, 2013, the Magistrate Judge issued a report and recommendation ("R&R") outlining the Plaintiff's complaint and recommending that the Court summarily dismiss it without prejudice for lack of jurisdiction. In so recommending, the Magistrate Judge noted that this Court's jurisdiction is original, not appellate, and that appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme

Court. See 28 U.S.C. § 1257.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

On May 15, 2013, the Plaintiff filed a "motion to dismiss report and recommendation," objecting to the Magistrate Judge's conclusion and asserting that this Court does have jurisdiction. After a review of the record, the Court finds the Plaintiff's objections to be wholly without merit. As the Magistrate Judge noted in the R&R, this Court's jurisdiction is original, not appellate, and, furthermore, no statute that confers appellate jurisdiction on federal courts of appeals provides for the review of state court decisions. Rather, appeals of state court decisions must be pursued first through the state appellate courts and then directly to the United States Supreme Court. In addition, since 1988, the United States Supreme Court's review by way of a writ of certiorari is not an appeal of right.



2

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 13) is adopted in full and incorporated herein; the Plaintiff's objections, captioned as a "motion to dismiss" (Entry 16) are overruled; and this complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 30, 2013
Charleston, South Carolina



3